1

2

3

4

5

6

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

15

| | |
|---|---|
| BONNA CANNON and MATTHEW WHITNEY, individually and as natural parents of C.W., a minor,       ) <br> ) <br> ) <br> ) <br> Plaintiffs,     ) <br> ) <br> ) <br> v.     ) <br> ) <br> JBS USA, LLC d/b/a "JBS Swift & Company," a foreign corporation,    ) <br> ) <br> Defendant.    ) <br> ) | NO. _____ <br><br> **COMPLAINT** <br> **FOR DAMAGES** <br><br> Demand for Jury Trial |

16

17

    COME NOW the Plaintiffs, by and through their attorneys of record,

Denis Stearns of Marler Clark LLP, PS, and allege as follows:

18

19

### I. PARTIES

20

    1.    The plaintiffs BONNA CANNON and MATTHEW WHITNEY,

21

husband and wife, reside in Selah, Yakima County, Washington.  Plaintiffs

COMPLAINT FOR DAMAGES - 1

**MARLER CLARK, L.L.P., P.S.**
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

1    are the natural parents of the minor plaintiff, C.W., who is sixteen months

2    old.

3        2.    The defendant, JBS USA, LLC, d/b/a "JBS Swift & Company"

4    (hereinafter "JBS Swift") is a foreign corporation organized and existing

5

6    under the laws of the state of Delaware, with its principal place of business in

7    Greeley, Colorado.

8        3.    At all times relevant hereto, JBS Swift was a manufacturer and

9    seller of various beef products sold throughout the United States, including in

10   the State of Washington.

11
## II. JURISDICTION AND VENUE
12

13       4.    This Court has jurisdiction over the subject matter of this action

14   pursuant to 28 USC § 1332(a) because the matter in controversy exceeds

15   $75,000.00, exclusive of costs, it is between citizens of different states, and

16   because the defendant has certain minimum contacts with the State of

17   Washington such that the maintenance of the suit in this district does not

18   offend traditional notions of fair play and substantial justice.

19

20       5.    Venue in the United States District Court for the Eastern District

21   of Washington is proper pursuant to 28 USC § 1391(a)(2) because a

substantial part of the events or omissions giving rise to the plaintiffs' claims

COMPLAINT FOR DAMAGES - 2

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

and causes of action occurred in this judicial district. Additionally, the defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

### III.  GENERAL ALLEGATIONS

### JBS Swift *E. coli* O157:H7 Outbreak

6.      On June 24, 2009, the defendant announced a voluntary product recall after it was notified by the Food Safety and Inspection Service (FSIS) and the Centers for Disease Control (CDC) of a possible link between reported illnesses caused by *E. coli* O157:H7 and the consumption of defendant's beef products.

7.      At least twenty-three people in nine states have been infected by a genetically indistinguishable strain of *E. coli* O157:H7 linked to the defendant's beef products.   At least twelve people have have been hospitalized as a result of their infections, and at least two developed hemolytic uremic syndrome (HUS), including the minor plaintiff C.W.

### Plaintiff's Injuries

8.      On two occasions in late-April and mid-May 2009, the plaintiff Bonna Cannon purchased JBS Swift beef products at a Costco location in

COMPLAINT FOR DAMAGES - 3

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

Union Gap, Washington.  The beef products that Mrs. Cannon purchased on these occasions were later included in the defendant's recall, described above.

9.    The minor plaintiff, C.W., consumed the defendant's beef products on multiple occasions in June 2009, including during the week before onset of his *E. coli* O157:H7 illness.

10.    On or about June 18, 2009, C.W. began to suffer from gastrointestinal symptoms, including diarrhea and abdominal cramps.  He appeared generally uncomfortable and unwell throughout the day.

11.    At approximately 2:00 AM on June 19, 2009, C.W.'s bouts of diarrhea turned bloody, prompting his mother, Bonna Cannon, to rush him immediately to the emergency department at Memorial Hospital in Yakima, Washington.  There, C.W. received intravenous fluids for hydration and anti-nausea medications.    He was discharged home with his mother at approximately 7:00 AM the same day.

12.    C.W.'s symptoms continued to worsen at home the morning of June 19, 2009.  Bonna Cannon, growing increasingly concerned, again rushed her son to the emergency department at Memorial Hospital roughly three hours after C.W. was first discharged.  At this point, C.W. was writhing in pain, and his bouts of diarrhea appeared to contain only blood.

COMPLAINT FOR DAMAGES - 4

**MARLER CLARK, L.L.P., P.S.**
**Attorneys at Law**
**701 Fifth Avenue, Suite 6600**
**Seattle, Washington  98104**
**Tel.  (206) 346-1888**
**Fax  (206) 346-1898**

13.    In the emergency department, nurses struggled for close to 45 minutes to establish a site in C.W.'s arm for the administration of intravenous fluids, but they could not due to his extreme dehydration.  Ultimately, C.W. was admitted to the regular hospital for care.

14.    While at Memorial Hospital, C.W. submitted a stool sample that would ultimately test positive for *E. coli* O157:H7.  Blood tests done on June 20, 2009 revealed that C.W.'s kidneys had begun to fail.  Preparations began for C.W.'s transfer to Seattle Children's Hospital, which is roughly three hours away via ambulance.

15.    C.W. was transferred to Seattle Children's Hospital in the late afternoon on June 20, 2009.  His mother rode with him in the ambulance, and they arrived between 6:00 and 7:00 PM.

16.    The next day, June 21, 2009, blood tests confirmed that C.W. had developed hemolytic uremic syndrome (HUS).  C.W. was taken to the operating room, where a catheter was placed so that dialysis could begin immediately.

17.    Dialysis treatments commenced the evening of June 21, 2009, and continued daily through July 4, 2009.  C.W. received additional dialysis treatments thereafter, but not on a daily basis.

COMPLAINT FOR DAMAGES - 5

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington  98104
Tel.  (206) 346-1888
Fax  (206) 346-1898

18.    During his hospitalization, C.W. also suffered from a prolapsed rectum, and his hemolytic anemia required treatment with at least three transfusions of packed red blood cells.   C.W. was also transfused with platelets on at least one occasion.

19.    C.W. was finally discharged from Seattle Children's Hospital the evening of July 8, 2009.   His kidneys have not recovered.   They are currently functioning at approximately 30% of their original capacity.   C.W. also remains on high blood pressure medication, and his mother must inject him daily with a hormone to stimulate red blood cell production.

20.    C.W.'s *E. coli* O157:H7-positive stool sample was later determined to match the strain of *E. coli* O157:H7 associated with the defendant's outbreak and recall.

21.    C.W. has suffered severe and permanent injury as a result of his *E. coli* O157:H7-induced HUS illness.   As a result, the plaintiffs have incurred and will continue to incur medical expenses, have suffered and will continue to suffer pain, loss of enjoyment of life, emotional distress, and medical problems in the future as a direct and proximate result of C.W.'s consumption of contaminated JBS Swift beef products.

COMPLAINT FOR DAMAGES - 6

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

## IV.  **CAUSE OF ACTION: STRICT LIABILITY**

22.    By this reference, plaintiffs incorporate all of the foregoing paragraphs as if each paragraph was set forth here in its entirety.

23.    Defendant is a product manufacturer within the meaning of the Washington Product Liability Act ("WPLA" or "the Act"), RCW 7.72.010(2).  Defendant manufactured the beef product that caused the minor plaintiff's illness and the plaintiffs' associated legal injuries.   This beef product was a product within the meaning of the WPLA, RCW 7.72.010(3).

24.    Under the WPLA, the defendant owed a duty to the plaintiffs to manufacture beef products that were reasonably safe in construction, that did not materially deviate from applicable design specifications, and that did not otherwise deviate in some material way from otherwise identical units in the defendant's product line.

25.    Under the WPLA, the defendant owed a duty to the plaintiffs to manufacture a product that conformed to its implied warranties, as defined by RCW Ch. 62A, including, but not limited to, the implied warranty that defendant's beef products were fit for human consumption.

26.    The beef product manufactured and sold by the defendant, which

COMPLAINT FOR DAMAGES - 7

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

caused the minor plaintiff's illness and the plaintiffs' associated legal injuries, was not reasonably safe in construction, and did not conform to defendant's implied warranties, because it was contaminated and adulterated with, among other things, *E. coli* O157:H7.

27.     Because the defendant's beef product was not reasonably safe in construction, and did not conform to defendant's implied warranties, the defendant is strictly liable to the plaintiffs for the harm proximately caused by its contaminated beef product.

## V. NEGLIGENCE CLAIMS

28.     By this reference, plaintiffs incorporate all of the foregoing paragraphs as if each paragraph was set forth here in its entirety.

29.     The defendant manufactured, distributed and sold a product that was not reasonably safe as designed or manufactured, within the meaning of the WPLA, RCW 7.72.030(1).

30.     The defendant was negligent in manufacturing, distributing, and selling a product that was not reasonably safe because adequate warnings or instructions were not provided including, but not limited to, the warning that the beef product may contain *E. coli* O157:H7, and thus should not be

COMPLAINT FOR DAMAGES - 8

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington 98104
Tel. (206) 346-1888
Fax (206) 346-1898

provided for the purpose of human consumption.

31.    The defendant had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of its food products including, but not limited to, the Federal Food, Drug, and Cosmetics Act, which bans the manufacture, sale, and distribution of any "adulterated" food.  The defendant breached this duty.

32.    The plaintiffs are among the class of persons designed to be protected by the statutory and regulatory provisions pertaining to defendant's manufacture, distribution, storage, labeling, and sale of its food, including beef products.

33.    The defendant owed a duty to the plaintiffs to use reasonable care in the manufacture, distribution, and sale of its product, to prevent contamination with *E. coli* O157:H7.  The defendant breached this duty.

34.    As a result of the defendant's negligence, the plaintiffs suffered severe and permanent personal injuries, as well as economic loss.

COMPLAINT FOR DAMAGES - 9

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington  98104
Tel.  (206) 346-1888
Fax  (206) 346-1898

# VI.  DAMAGES

35.    The plaintiffs have suffered general, special, incidental, and consequential damages as a direct and proximate result of the acts and omissions of the defendant, which damages shall be fully proven at the time of trial, including, but not limited to:  damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress, and future emotional distress; pharmaceutical expenses, past and future; wage and other economic damages loss; loss of consortium; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

# VII.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray as follows:

(1)    That the court award the plaintiffs judgment against defendant in such sums as shall be determined to fully and fairly compensate the plaintiffs for all general, special, incidental and consequential damages incurred, or to be incurred, by the plaintiff as the direct and proximate result of the acts and omissions of defendant;

COMPLAINT FOR DAMAGES - 10

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington  98104
Tel.  (206) 346-1888
Fax  (206) 346-1898

(2)    That the court award the plaintiffs their respective costs, disbursements and reasonable attorneys' fees incurred;

(3)    That the court award the plaintiffs the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

(4)    That the court award such other and further relief as it deems necessary and proper in the circumstances.

SIGNED AND DATED this 16th day of July, 2009.

MARLER CLARK, L.L.P., P.S.

Denis Stearns, WSBA No. 22004
Attorneys for Plaintiffs
701 Fifth Avenue, Suite 6600
Seattle, WA  98104
Phone 206.346.1888
Fax 206.346.1898
Email:  dstearns@marlerclark.com

COMPLAINT FOR DAMAGES - 11

MARLER CLARK, L.L.P., P.S.
Attorneys at Law
701 Fifth Avenue, Suite 6600
Seattle, Washington  98104
Tel.  (206) 346-1888
Fax  (206) 346-1898